IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| FIRST TIME VIDEOS, LLC | ) | CASE NO. 4:11-cv-00069-SEB-WGH |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Sarah Evans Baker |
| | ) | |
| v. | ) | Magistrate Judge: Hon. William G. Hussman |
| | ) | |
| DOES 1 -18, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MOTION TO QUASH SUBPOENA**

Defendant Doe No. 2, IP 96.28.166.145, by counsel and pursuant to Fed. R. Civ. P. 45(c)(3)(A), moves the Court to quash the subpoena issued by John Steele on behalf of the plaintiff to Insight Communications Midwest dated June 29, 2011.  The Court should quash because the subpoena requires disclosure of protected identity information and subjects DOE No. 2 to undue burden in the nature of a reputational injury.  (Subpoena attached as Exhibit A.)

**I.      The Unusual Nature of the Litigation Creates Special Risks for Reputational Injury.**

This lawsuit is but one in a series of actions filed by pornographers allegedly seeking to enforce copyright infringements.  The unnamed defendants have allegedly used peer-to-peer networking sites, in this case "Bit Torrent," to download a particular adult film.  Here, via expedited discovery, the plaintiff seeks the personal identifying information from Doe No. 2, associated with a particular IP address, in order to name Doe No. 2 as a defendant.

In a similar case, United States District Judge Harold Baker of the Central District of Illinois has raised the obvious question about this litigation in an order denying a motion for expedited discovery and reconsideration:

> Orin Kerr, a professor at George Washington University Law School, noted that whether you're guilty or not, "you look like a suspect." Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case.

Order of Apr. 29, 2011, *VPR Internationale v. DOES 1-1017,* No. 2:11-cv-02068, p. 3 (Central District Illinois) (Judge Harold Baker) (citation omitted) (attached as Exhibit B). The problem is that, as Judge Baker notes, IP subscribers are not necessarily copyright infringers because "[t]he infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." *Id.* at p. 2. IP addresses are not digital fingerprints or DNA evidence credibly linking a subscriber to an illegal download of a pornographic video. Once a service-provider is forced to disclose the name and address of an IP owner, however, the plaintiff will name (or threaten to name) the individual in the lawsuit and cause irreparable harm to the reputation of the owner, placing tremendous pressure on the subscriber to settle, innocent or not. This Court should not allow a plaintiff to engage in and profit from such tactics via *ex parte* discovery.

###### II.     DOE No. 2 will Suffer Irreparable Harm to Her Reputation.

Doe No. 2, IP 96.28.166.145, is a woman who lives with another individual and denies any association with the downloading of pornographic material. She also lives in a residence where six to eight family members and friends have

spare keys and access to her Internet connection.  She is exactly the type of DOE defendant, alluded to by Judge Baker, who is vulnerable to the pressure tactics of these types of subpoenas and would suffer harm to her reputation if publicly named.  Accordingly, DOE No. 2 asks the Court to protect her from the release of her private identifying information and undue burden of reputational injury, not only to protect her reputation but to discourage these types of tactics.

        Respectfully Submitted,

**s/ Gordon D. Ingle**
Gordon D. Ingle
Brandon W. Smith
Faith Ingle Smith LLC
412 E. Main St.
New Albany, IN 47150
812.542.0048 (t)
812.941.4026 (f)
gdilaw@faithinglesmith.com
bsmith@faithinglesmith.com
*Counsel for DOE NO. 2*

CERTIFICATE OF SERVICE

      I certify that I served the foregoing Motion to Quash via the Court's electronically filing system on August 18, 2011, which will be sent to the following:

Raphael Whiford
Steele Hansmeier PLLC
161 N. Clark St., STE 4700
Chicago, IL 60601
312.880.9160 (t)
312.893.5677 (f)
rjwhitford@wefightpiracy.com
*Attorney for Plaintiff*

                                                   **s/ Gordon D. Ingle**
                                                   *Counsel for Doe No. 2*