UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

FIRST TIME VIDEOS, LLC,          )
                                 )
                    Plaintiff,   )
                                 )
          v.                     )          4:11-cv-69-SEB-WGH
                                 )
DOES 1-18,                       )
                                 )
                    Defendants.  )

## ORDER ON DEFENDANT'S MOTION TO QUASH SUBPOENA

This matter is before the Honorable William G. Hussmann, Jr., United States

Magistrate Judge, on Defendant Doe 1's (alleged user of I.P. address

71.239.183.242) Motion to Quash Subpoena filed August 1, 2011. (Docket No. 16).

Plaintiff filed a Response on August 4, 2011. (Docket No. 21). No reply has been

filed.

Having reviewed the arguments of the parties and the relevant legal

authorities, the Magistrate Judge concludes that Defendant Doe 1's Motion to

Quash Subpoena should be denied.

Plaintiff filed this suit alleging that individuals using IP addresses associated

with Defendants Does 1-18 were the unauthorized downloaders of Plaintiff's video

in violation of the Copyright Act. In an attempt to discern Defendants' identities,

Plaintiff issued a Subpoena to Comcast Cable Holdings LLC ("Comcast") which is

the Internet Service Provider for at least Defendant Doe 1.  The Subpoena to

Comcast requested the following information:

> [P]rovide the name, current (and permanent) addresses, telephone
> numbers, e-mail addresses and Media Access Control addresses of all
> persons whose IP addresses are listed in the attached spreadsheet.

(Joint Submission Statement at Ex. A).

Defendant Doe 1 filed the instant Motion to Quash arguing that disclosure

of the information sought in the Subpoena would violate the Electronic

Communications Privacy Act ("ECPA"), 18 U.S.C. §§ 2701-2703, because the ECPA

protects the disclosure by an Internet Service Provider of the content of electronic

communications.  Furthermore, Defendant Doe 1 argues that the Subpoena should

be quashed because the ECPA allows the disclosure of customer information or

records to a governmental entity only in certain circumstances which Defendant

Doe 1 alleges are not present in this case.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of

subpoenas and provides that the court "must" quash a subpoena that requires

disclosure of a privileged or other protected matter or is unduly burdensome.

FED. R. CIV. P. 45(c)(3)(iii) & (iv).

Defendant Doe 1 is correct that the ECPA governs the voluntary disclosure

by an Internet Service Provider of customer communications or records.  18 U.S.C.

§ 2702.  However, in this case, the Subpoena at issue clearly only seeks the

disclosure of customer records, not the actual content of any communications.

Therefore, the only relevant portions of the ECPA for the purposes of our analysis

are those portions which concern the disclosure of customer records and are as follows:

> (a) **Prohibitions.**—Except as provided in subsection (b) or (c)—
>
> . . . .
>
> > (3)  a provider of remote computing service or electronic communication service to the public shall not knowingly divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by paragraph (1) or (2)) to any governmental entity.
>
> . . . .
>
> (c) **Exceptions for disclosure of customer records.**–A provider described in subsection (a) may divulge a record or other information pertaining to a subscriber to or customer of such service (not including the contents of communications covered by subsection (a)(1) or (a)(2))—
>
> . . . .
>
> > (6)  to any person other than a governmental entity.

18 U.S.C. § 2702.  Plaintiff is not a governmental entity.  Consequently, disclosure by Comcast to Plaintiff of Defendant Doe 1's name, address, telephone number, e-mail addresses, and Media Access Control address would not violate the ECPA. *See In re U.S.*, 441 F.Supp.2d 816, 834 (S.D. Tex. 2006)(explaining that "the sixth exception (authorizing disclosure 'to any person other than a governmental entity') underscores that the primary intent of the prohibition was to guard against unwarranted access to subscriber information *by the government.*")(emphasis in original).

Because the ECPA does not prohibit the disclosure of customer information to parties such as Plaintiff, Defendant Doe 1's Motion to Quash Subpoena is **DENIED.**

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:**  August 25, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Raphael J. Whitford
STEELE HANSELMEIER PLLC
rjwhitford@wefightpiracy.com

Andrew R. Wolf
The Wolf Law Office
awolf@thewolflawoffice.com