IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| FIRST TIME VIDEOS, LLC, | ) | CASE NO. 4:11-cv-00069-SEB-WGH |
| | ) | |
| Plaintiff, | ) | Judge: Hon. Sarah Evans Barker |
| | ) | |
| v. | ) | Magistrate Judge: Hon. William G. Hussmann |
| | ) | |
| DOES 1 – 18, | ) | **RESPONSE OF PLAINTIFF FIRST** |
| | ) | **TIME VIDEOS, LLC, IN OPPOSITION** |
| Defendants. | ) | **TO MOVANT'S MOTION TO** |
| _____ | ) | **TO QUASH SUBPOENA** |

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 96.28.166.145 filed a Motion to Quash an outstanding nonparty subpoena issued by Plaintiff to Insight Communications Midwest ("Insight") by and through her attorney, Gordon D. Ingle. (Aug. 18, 2011 [hereinafter Mot. to Quash #25], ECF No. 25.) Movant argues that the subpoena should be quashed because "the release of her private identifying information" would impose an "undue burden of reputational injury." (*id*. at 2-3.) Movant further argues that the subpoena should be quashed because "IP subscribers are not necessarily copyright infringers." (*id*. at 1-2.) Finally, Movant argues that the Court should quash the subpoena to discourage adult content producers from protecting their copyrights. (*id*. at 3.)

### ARGUMENT

This brief consists of three parts: Part I argues that an undue burden objection lies with Movant's ISP, not Movant. Part II argues that neither Movant's *ad hominem* attack on Plaintiff nor her citation to unrelated authority provides a basis for quashing the subpoena. Part III argues that Movant's suggestion that the Court single out adult content producers for unequal treatment under the law is condemnable.

## I. MOVANT CANNOT CREDIBLY CLAIM THAT INSIGHT'S COMPLIANCE WITH THE SUBPOENA WOULD UNDULY BURDEN HER

Movant claims that the subpoena should be quashed because disclosure of her identity subjects the Movant "to undue burden in the nature of a reputational injury." (Mot. to Quash #25 at 1.) Movant bears the responsibility of proving undue burden, and "the burden is a heavy one," requiring Movant to establish that compliance with the subpoena would be "unreasonable and oppressive." *In re Yassai*, 225 B.R. 478, 483–84 (Bankr. C.D. Cal. 1998) (citing *Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998)). Movant cannot credibly claim any hardship at this juncture; only the nonparty ISP subject to Plaintiff's subpoena could potentially claim the same.

The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). Movant's only allowable basis for quashing a subpoena is if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." *Id.* 45(c)(3)(A)(iii). No other 45(c)(3) grounds apply here; in particular, undue burden objections properly lie with subpoenaed ISPs, and not with Movant, and therefore the concern of "reputational injury" to a nonparty objector is not an undue burden under the Federal Rules. *See* Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("[I]f anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena."); *Call of the Wild Movie v. Does 1–1,062*, No. 10-455 (BAH), 2011 WL 996786, at *16 (D.D.C. Mar. 22, 2011) (describing undue burden test as balancing the burden imposed on the *party subject to the subpoena*, the relevance of the information sought, the breadth of the request, and the litigant's need for the information); *Kessel v. Cook Cnty.*, No. 00-3980, 2002 WL 398506, at *2 (N.D. Ill. Mar. 14, 2002) (noting that objections based on burden lie with the

subpoenaed party and rejecting all of plaintiffs' objections to defendants' nonparty subpoenas except "the objections that are personal to the plaintiffs," namely "privacy, privilege and harassment").

Movant has not yet been named as a party to this action. Because Movant is currently merely an anonymous nonparty on notice of her potential future status as a party defendant, Movant is not required to respond to the allegations presented in Plaintiff's Complaint nor otherwise litigate in this district. *See, e.g.*, *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *3 (D.D.C. May 12, 2011) (Howell, J.). Movant faces no obligation to produce any information under the subpoena issued to her nonparty ISP and consequently "cannot claim any hardship, let alone undue hardship." *Id.*; *see also Worldwide Film Entm't, LLC v. Does 1–749*, No. 10-0038, 2010 WL 19611962, at *2 (D.D.C. May 17, 2010) (finding that movant challenging nonparty ISP subpoena cannot demonstrate "*any* burden"). As Judge Chen of the Northern District of California wrote in response to similar motions, "being named as a defendant in a case does not in and of itself constitute an undue burden such that the subpoena should be quashed." Order Den. Does' Mots. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 16, 2011), ECF No. 19.

Movant bears a heavy burden of persuasion in establishing that Insight's compliance with the nonparty ISP subpoena would be unreasonable and oppressive—a burden that Movant has no chance of meeting, as multiple courts have recently ruled in similar cases. Mem. Op. & Order 14, *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.) ("The subpoenas served on Doe Defendants' ISPs do not subject the Doe Defendants to an undue burden . . . ."); Order 1, *MCGIP, LLC v. Does 1–14*, No. 11-C-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.) ("[G]iven that the subpoenas were issued to the Does' ISPs, rather than to the

Does themselves, any potential burden would be shouldered by the ISPs."); Order Den. Doe's Mot. to Quash, *Hard Drive Prods., Inc. v. Does 1–46*, No. 11-1959 (N.D. Cal. June 23, 2011) (Chen, J.), ECF No. 19; *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) (finding that because Plaintiff "issued the subpoenas to internet service providers," the moving putative defendants "cannot maintain that the subpoenas create an undue burden on them"); *Voltage Pictures*, 2011 WL 1807438, at *3. The Court should deny Movant's motion because only a subpoenaed ISP could credibly bring an undue burden argument.

## II. NEITHER MOVANT'S ATTACKS ON PLAINTIFF NOR HER CITATION TO UNRELATED AUTHORITY PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant vaguely accuses Plaintiff of improper litigation. (Mot. to Quash #25 at 2.) Specifically, Movant intimates that innocent individuals may feel pressured to settle Plaintiff's claims rather than bearing the burden and expense of litigating. (*id.*) Moreover, Movant raises the spectre of increased pressure due to the adult nature of the infringed material. (*id.*) The list of permissible grounds for quashing or modifying a subpoena does not include vague attacks against Plaintiff. *See* Fed. R. Civ. P. 45(c)(3). Indeed, Movant offers only sweeping generalizations—and no specific allegations—regarding Plaintiff's activities. (*See generally id.*)

Plaintiff agrees with Movant that innocent individuals should not be pressured to settle. To that end, Plaintiff needs to ascertain the identity of the actual infringers. To do so, Plaintiff must be allowed to gather information about the accountholders. Movant may have valid defenses to this suit, possibly including that she does not have "any association with the downloading of pornographic material," (Mot. to Quash #25 at 2) but those defenses are relevant only if Movant has actually been identified and named as a party in this lawsuit—the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Movant's

4

assertions. *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *2 (D.D.C. May 12, 2011); *see also Achte Achte/Neunte Boll Kino Beteiligungs GMBH & Co., KG v. Does 1–4,577*, 736 F. Supp. 2d 212, 215 (D.D.C. 2010) (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses").

Movant cites to an order by Judge Baker in support of her motion and resorts to misnaming the Order in her brief to mask the Order's irrelevance. (Mot. to Quash #25 at 2.) Movant labels the Order an order "denying a motion for expedited discovery and reconsideration." (*id.*) This is not true. The Order cited by Movant is actually an order denying a motion to certify an issue for interlocutory review. Order, VPR Internationale v. DOES 1-1017, No. 11-cv-2068 (C.D. Ill. Arp. 29, 2011) (Baker, J.), ECF No. 15. Movant also fails to inform the Court that the case she cites is unrepresentative of the many cases filed by adult content producers in which courts have denied the attempts of parties to quash a subpoena on the basis of *ad hominem* attacks. *See, e.g.*, Order, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 (denying anonymous motions to quash or vacate subpoenas); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958 (N.D. Ill. June 9, 2011) [hereinafter *Kendall June 9 Decision*] (Kendall, J.) (denying anonymous motions to quash, dismiss, and sever); *MCGIP v. Does 1–49*, No. 11-1801, 2011 WL 1748461 (N.D. Cal. April 22, 2011) (Fogel, J.); Order Granting Pl.'s *Ex Parte* Mot. for Expedited Disc., *MCGIP v. Does 1–21*, No. 11-1783 (N.D. Cal. April 19, 2011) (Beeler, J.), ECF No. 8. As Judge Chen of the Northern

District of California wrote in response to similar attacks, "the fact that Plaintiff has initiated other lawsuits does not mean that this lawsuit (or even the others) is without any merit." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011).

### III. MOVANT'S SUGGESTION THAT THE COURT SINGLE OUT ADULT CONTENT PRODUCERS FOR UNEQUAL TREATMENT UNDER THE LAW IS CONDEMNABLE

Movant suggests that the Court should quash Plaintiff's subpoena in order to "discourage these types of tactics." The only "tactics" described in Movant's motion are the filing of copyright infringement lawsuits by adult content producers. Plaintiff is not aware of, and Movant does not cite to, *any* authority for the proposition that adult content producers are not entitled to protect their copyrights.

Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). Nor should these fundamental principles be denied to a group simply because that group is unpopular with opposing counsel or even the majority. *See* James Madison, Speech at the Virginia Constitutional Convention of 1829-30 (Dec. 2, 1829) ("In Republics, the great danger is, that the majority may not sufficiently respect the rights of the minority.")

The digital age has allowed infringement to occur on a massive scale. Through this lawsuit, Plaintiff is attempting to stem the tide of unabashed BitTorrent-based copyright infringement. While Movant goes to great lengths to portray Plaintiff's lawsuit in a negative

light, there is nothing wrong with a copyright holder focused on protecting its intellectual property—except, of course, from the perspective of an infringer.

## CONCLUSION

The Court should deny Movant's motion. Neither Movant's attack on Plaintiff nor her citation to unrelated authority provides a basis for quashing the subpoena; an undue burden objection lies with Movant's ISP, not Movant; and Movant's suggestion that the Court single out adult content producers for unequal treatment under the law is condemnable.

        Respectfully submitted,

        FIRST TIME VIDEOS, LLC

**DATED:** August 24, 2011

        By:    /s/ Raphael Whitford
                  Raphael Whitford (Bar No. 92363)
                  Steele Hansmeier PLLC
                  161 N. Clark St.
                  Suite 4700
                  Chicago, IL 60601
                  312-880-9160;   Fax 312-893-5677
                  jlsteele@wefightpiracy.com
                  *Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 24, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

/s/ Raphael Whitford
RAPHAEL WHITFORD