UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:11-cv-69-SEB-WGH |
| | ) |
| DOES 1-18, | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANT DOE NO. 2'S MOTION TO QUASH SUBPOENA**

This matter is before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, on Defendant Doe No. 2's (alleged user of I.P. address 96.28.166.145) Motion to Quash Subpoena filed August 18, 2011. (Docket No. 25). Plaintiff filed a Response on August 28, 2011. (Docket No. 29). No reply has been filed.

Having reviewed the arguments of the parties and the relevant legal authorities, the Magistrate Judge concludes that Defendant Doe No. 2's Motion to Quash Subpoena should be denied.

Plaintiff filed this suit alleging that individuals using IP addresses associated with Defendants Does 1-18 were the unauthorized downloaders of Plaintiff's video in violation of the Copyright Act. In an attempt to discern Defendants' identities, Plaintiff issued a Subpoena to Insight Communications Midwest, LLC ("Insight"), which is the Internet Service Provider for at least

Defendant Doe No. 2. The Subpoena to Insight requested the following information:

> [P]rovide the name, current (and permanent) addresses, telephone numbers, e-mail addresses and Media Access Control addresses of all persons whose IP addresses are listed in the attached spreadsheet.

(Motion to Quash Subpoena at Ex. A).

Defendant Doe No. 2 filed the instant Motion to Quash Subpoena arguing that compliance with the Subpoena requires disclosure of protected identity information and would also amount to an undue burden. Defendant Doe No. 2 also alleges that she is a woman who "denies any association with the downloading of pornographic material." Defendant Doe No. 2's arguments in support of her Motion to Quash Subpoena are unavailing.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas and provides that the court "must" quash a subpoena that requires disclosure of a privileged or other protected matter or is unduly burdensome. FED. R. CIV. P. 45(c)(3)(iii) & (iv).

**1. Does the Subpoena Seek Protected Information?**

Defendant Doe No. 2's first argument is that the Subpoena should be quashed because it seeks the disclosure of her protected identity information. Essentially, Defendant is asserting that the Subpoena should be quashed pursuant to Rule 45(c)(3) because it "requires disclosure of privileged or other protected matter." However, there is no expectation of privacy in Internet

subscriber information because it has already been exposed to a third party, the Internet Service Provider. *Courtright v. Madigan*, 2009 WL 3713654 at *2 (S.D. Ill. November 4, 2009). Additionally, an individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address when there is an allegation of copyright infringement. *Interscope Records v. Does 1-12*, 2008 WL 4939105 at *2 (N.D. Ind. November 14, 2008). Hence, Defendant Doe No. 2's Motion to Quash Subpoena must be denied.

**2. The Subpoena is Not Unduly Burdensome**

Defendant next argues that having to comply with the Subpoena amounts to an undue burden. Courts that have addressed this issue have concluded that the issuance of a subpoena to the Internet Service Provider of putative defendants does not create an undue burden on the putative defendants because they are not required to produce anything. *First Time Videos, LLC v. Does 1-500*, --- F.Supp.2d ----, 2011 WL 3498227 at *7 (N.D. Ill. August 9, 2011); *see also MGCIP v. Does 1-316*, 2011 WL 2292958 at *1 (N.D. Ill. June 9, 2011). The court in *First Time Videos* explained that "if anyone may move to quash these subpoenas on the basis of an undue burden, it is the ISPs themselves, as they are compelled to produce information under the subpoena." *First Time Videos, LLC*, 2011 WL 3498227 at *7. Defendant Doe No. 2, therefore, cannot claim an undue burden when it is Insight who must respond to the Subpoena.

### 3. Defendant's Denial of Involvement

Finally, Defendant asserts that she has not downloaded any pornographic material, that she lives with another individual, and that several family members and friends have spare keys to her home. However, numerous courts in this circuit have concluded that "[a] general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit." *First Time Videos, LLC*, 2011 WL 3498227 at *8; *see also MGCIP*, 2011 WL 2292958 at *1. Consequently, Defendant Doe No. 2's general denial of liability cannot be a basis for quashing the Subpoena.

### Conclusion

For the reasons outlined above, Defendant Doe No. 2's Motion to Quash Subpoena is **DENIED.**

The Magistrate Judge notes Doe No. 2's concerns that the disclosure of her identity can lead to unwarranted embarrassing public disclosures, extortion-like attempts to force settlements, or lawsuits brought against defendants who have no liability. Those concerns are not far-fetched. However, the Rules of Professional Responsibility and Rule 11 of the Federal Rules of Civil Procedure stand as barriers to such conduct. Plaintiff's attorneys are admonished to carefully consider these rules before determining what use to make of the information garnered from the Subpoena.

You are hereby notified that the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) where it is shown that the order is clearly erroneous or contrary to law.

**SO ORDERED.**

**Dated:** September 13, 2011

William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Gordon D. Ingle
FAITH INGLE SMITH LLC
gdilaw@faithinglesmith.com

Brandon W. Smith
FAITH INGLE SMITH LLC
bsmith@faithinglesmith.com

Raphael J. Whitford
STEELE HANSELMEIER PLLC
rjwhitford@wefightpiracy.com

Andrew R. Wolf
The Wolf Law Office
awolf@thewolflawoffice.com